IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-65,220-02






EX PARTE BILLY MAX COLLINS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. F7907-B IN THE 8
th DISTRICT COURT


FROM FRANKLIN COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty (1) to driving while
intoxicated and was sentenced to eight years' imprisonment. He did not appeal his conviction. 

 Applicant contends that his plea was involuntary because he was giving an improper
admonishment as to the range of punishment. Applicant alleges he was admonished for a second
degree felony range of punishment when he was indicted for a third degree felony without any
alleged enhancements. Applicant also contends that his counsel was ineffective for failing to
investigate the facts of the case, failing to inform Applicant of the proper range of punishment, and
failing to inform Applicant of his rights of appeal. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the
trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claim that his plea was involuntary and his attorney was ineffective. The trial court shall make
findings as to what admonishments were given to Applicant, including which range of punishment,
and why those admonishments were given. The trial court shall make findings of fact as to whether
the performance of Applicant's trial attorney was deficient and, if so, whether counsel's deficient
performance prejudiced Applicant. The trial court shall make findings as to whether or not counsel
informed Applicant of his appellate rights. The trial court shall also make any other findings of fact
and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim
for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: February 28, 2007

Do not publish

1. The judgment sent to this Court by Applicant indicates that he pleaded not guilty, but
from the rest of the paperwork, it appears that Applicant pleaded guilty.